Law Office of James McGee, PLC
Steven Parnell Weaver
CA Bar #243000
325 W. Hospitality Lane, Suite 212
San Bernardino CA 92408
steven@mcgeeplc.com
909-571-5599

UNITED STATES CENTRAL DISTRICT COURT

STATE OF CALIFORNIA

| | |
|---|---|
| Christian Rodriguez, ) | Case No.: |
| ) | COMPLAINT FOR DAMAGES: |
| Plaintiff, ) | |
| vs. ) | - 42 U.S.C. Section 1983 |
| COUNTY OF SAN ) | and 1988: |
| BERNARDINO, SAN ) | - State Created Danger; |
| BERNARDINO COUNTY, ) | - Failure to Protect |
| UNKNOWN SHERIFF ) | |
| DEPUTIES. Nos. 1-10. ) | |
| ) | DEMAND FOR JURY TRIAL |
| Defendant ) | |

## NATURE OF ACTION

1. This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourteenth Amendment of the United States Constitution and the California State Constitution against the

1

County of San Bernardino (the County) and all currently unknown involved San Bernardino County Sheriff Deputies (Sheriff Does).

**PRELIMINARY STATEMENTS**

2. Christian Rodriguez (CR), Plaintiff, an inmate at Men's Central detention facility in the County of San Bernardino, bring this action against the County and Sheriff Does, collectively herein after referred to as DEFENDANTS, for monetary damages to redress all the Plaintiff's injuries resulting from DEFENDANTS' deliberate indifference and purposeful acts.

3. Each Government-official Defendant, through the official's own and individual actions, has violated the US and California Constitutions.

4. The alleged Constitutional deprivation was the product of a policy or custom of the County.

5. PLAINTIFF bring this action against all the DEFEDANTS under the 14th Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered as a result of the defendants' substantial and deliberate indifference to their health and safety.

6. There is a permanent and well-settled practice by the County in not protecting inmates which gave rise to the alleged constitutional violation.

7. PLAINTIFF states a claim against the DEFENDANTS for breach of duties imposed upon them by the Constitution of the State of California and for duties imposed upon them by the common law. This is a civil action seeking damages against the DEFENDANTS for committing acts under color of law and depriving the plaintiff of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983).

8. The County and the Department officials, management and employees were purposeful, without limiting other acts and behaviors: failing to follow its established safety procedures; failing to protect plaintiff from harm; failing to provide necessary and appropriate security measures for the safety, welfare and protection of PLAINTIFF, an inmate at the San Bernardino County Sheriff's jail facility in San Bernadino County.

9. The DEFENDANTS deprived the plaintiff's rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

10. The Department jail officials, management and employees violated the plaintiffs' constitutional rights and were negligent by, without limiting other acts and behaviors; breach of its duty of care to PLAINTIFF by negligently: (1) failing properly to screen and segregate inmates; (2)

failing to follow its established safety procedures; (3) failing to provide necessary and appropriate security measures; (4) failing to implement a classification system and corresponding housing plan for inmates at the West Valley and Men's Central detention centers.

11. PLAINTIFF suffered physical and emotional injuries, emotional distress and deprivation of his constitutional rights as a consequence of the defendants' actions.

12. Issues regarding medical treatment and billing are ongoing and we reserve the right to amend this Complaint when the information is available and complete. Estimates of damage will be presented at trial according to proof.

13. We reserve the right to amend this Complaint after video evidence is made available.

## JURISDICTION AND VENUE

14. Defendant County is responsible for the safety of the PLAINTIFF in the units in question.

15. This action is filed under California Law and under common law, to redress injuries suffered by the PLAINTIFF at the hands of DEFENDANTS.

16. The formal grievance process was exhausted by Plaintiff. A notice of claim was presented by PLAINTIFF and rejected thereafter by the County of San Bernardino. The claim stated the time, place, cause, nature, and description of matter causing any injuries.

17. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

18. At all relevant times, PLAINTIFF was an inmate Men's Central detention center, operated by the Department in the County of San Bernardino.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

20. Defendant San Bernardino County is a California municipal corporation that acts through individuals to establish its policies and that is capable of being sued under California Law.

21. The Department is an entity under the jurisdiction of San Bernardino County.

22. At all times mentioned herein and at all other relevant times, Defendant Sheriff Does were/are employed by the Department acting

within the course and scope of their employment with the County. Sheriff Does are sued herein in both their official and personal capacities.

23. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of Defendant Sheriff Does when they have been ascertained.

24. Plaintiff Christian Rodriguez (CR) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415

**STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF CR CAUSES OF ACTION**

25. At the time of the incident, Plaintiff CR should have been placed in protective custody.

26. CR was incarcerated at San Bernardino County Men's Central jail located at 630 East Rialto Ave., San Bernardino Ca 92415.

27. Under information and belief CR has been placed in protective custody numerous times when incarcerated due to his cooperating with local and Federal Law Enforcement.

6

28. On or about October 19, 2021, CR was purposefully put in a general population cell and was attacked by other inmates.

29. On or about February 19, 2022, a Sheriff Doe purposefully bent back CR's finger causing possible permanent nerve and ligament damage. There was no reason for the Sheriff Doe to do this as CR was not trying to physically harm the Sheriff or anyone else.

30. CR is experiencing significant pain and suffering and decreased earning potential as a Class-A driver due to the action of this Sheriff Doe.

31. There have been numerous delays from the County in CR receiving the proper treatment for this injury.

32. Both incidents resulted in filed grievances and should be on camera.

33. The same Sheriff Doe that injured CR, purposefully placed him in the wrong cell for the purpose of causing him to be attacked.

34. Under San Bernardino County policy for Protective Custody (PC) Inmates 9.902.00 PC inmates are those who require protection from other inmates. Any time an arrestee/inmate is identified as needing protective custody, they shall be protected from the general population.

35. San Bernardino County policy for PC inmates 9.902.00 was not adhered to, resulting in injury to the Plaintiff.

36. Under San Bernardino County policy for inmate grievances 12.230.00 an administrative or criminal investigation is not completed if there is misconduct by a staff Member of the jail if a Facility Commander/designee is notified of such an event unless for an allegation of sexual abuse and harassment.

37. San Bernardino County policy 12.230.00 shows that the Defendant shows substantial indifference to the known and obvious danger of facilitating inmate on inmate violence by not criminally or administratively investigating such occurrences.

**COUNT 1 – Excessive Force – Fourteenth Amendment – Pretrial Claim of Excessive Force**

38. The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

39. A Sheriff Doe touched CR in an offensive manner without his consent with excessive force causing a significant injury to his hand by purposefully pulling on his fingers to cause pain and suffering, causing pain and suffering and this use of force was objectively unreasonable.

40. The actions of Sheriff Doe requires surgery by CR and was intentional, willful, malicious, oppressive, excessive and unnecessary force under all the circumstance.

41. The Sheriff Doe's actions caused injury to the Plaintiff that was foreseeable and in fact resulted in physical and emotional harm to the Plaintiff; and the Defendants are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

42. There was no need to use force in this instances;

43. The extent of the injury is major and could have lifetime employment consequences for the Defendant;

44. There was no threat perceived by the Defendant;

45. There was no prior warning or order to comply before this force was used;

46. Plaintiff further claims all of Plaintiff's attorney's fees and costs incurred and to be incurred in Plaintiff's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

47. The action of the Defendants are/were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

## COUNT 2 - Violation of 14th Amendment – Due Process – State-Created Danger

48. The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

49. DEFENDANTS breached its duty of care to Plaintiff through "deliberate indifference" toward a substantial risk to the plaintiff's health or safety by placing him in a cell that they knew he should not have been put in.

50. DEFENDANTS placed the Plaintiff in a position of an actual, particularized danger by creating or exposing the plaintiff to a danger that he would not have otherwise faced.

51. DEFENDANTS failed to take action to protect classified inmates.

52. DEFENDANTS violated Plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by: (1) failing to screen and segregate inmates; (2) failing to follow its established safety procedures; (3) failing to provide necessary and appropriate security measures; (4) failing to implement a proper classification system and corresponding secure housing plan for inmates at the DEFENDANTS' detention facility.

53. DEFENDANTS' failure to take appropriate action and their purposeful action, resulted in physical and emotional harm to the Plaintiff.

54. DEFENDANTS actions created the actual, particularized danger which caused severe physical and emotional injury to the plaintiff that was foreseeable

55. DEFENDANTS' failure to take appropriate action and their purposeful affirmative action in placing a known protected person in unprotected custody, created the actual, particularized dangers which caused injury to the Plaintiff that was foreseeable and in fact resulted in physical and emotional harm to the Plaintiff;

56. The common practice of placing inmates needlessly in detrimental situations caused the Plaintiff to be attacked and thereby caused his emotional and physical injuries and the Defendants are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

57. Plaintiff further claim all of Plaintiff's attorney's fees and costs incurred and to be incurred in Plaintiff's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

58. The action of the Defendants are/were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to

any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

## COUNT 3 – Violation of 14th Amendment – Pretrial Detainee's Claim of Failure to Protect

59. The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

60. DEFENDANTS breach of their duty of care by a purposeful failure to provide necessary and appropriate security measures in segregating inmates based on their classification.

61. The DEFENDANTS made an intentional decision regarding the conditions under which the plaintiff was confined by placing him in a unit he should not have been placed in;

62. Placing him in the wrong cell put the Plaintiff at substantial risk of suffering serious physical and emotional harm;

63. The DEFENDANTS did not take any reasonable available measures to abate or reduce that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious;

64. The injury to the plaintiff was caused by a failure of the DEFENDANTS to provide necessary and appropriate security for the safety, welfare and protection of Plaintiff in violation of the laws of the Constitution and procedures governing the operation of the DEFENDANTS by placing him in the wrong unit, causing injury to Plaintiff.

65. DEFENDANTS' failure to take appropriate action and their purposeful affirmative action in placing him in the wrong cell unit, created the actual, particularized dangers which caused injury to the Plaintiff that was foreseeable and in fact resulted in physical and emotional harm to the Plaintiff;

66. The common practice of placing inmates needlessly in detrimental situations caused the Plaintiff to be attacked and thereby caused his emotional and physical injuries and the Defendants are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

67. Plaintiff further claim all of Plaintiff's attorney's fees and costs incurred and to be incurred in Plaintiff's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

68. The action of the Defendants are/were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to

any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

### COUNT 4: Violation of California Civil Rights

69. Violation of each and every individual PLAINTIFF'S civil rights under California constitution and state law by DEFENDANTS.

70. The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

71. The conduct of Defendants depraved Plaintiff of his rights, privileges and immunities under California Constitution Article 1, Section 7, not to be deprived of live, liberty or property without due process of law; the right to equal protection under the law and protections from bodily harm under California Civil Code, Sections 51 et al, 52 and 43.

72. Defendants and each of the, directly or indirectly engaged under color of official duty to deprive Plaintiff of his rights to redress under California Civil Code, Section 51 et al and 52 as a victim of oppressive and physical harm and to cover up the unlawfully beating and assault of Plaintiff.

73. The continuation of policies, customs and practices by the San Bernardino Sheriff's Department by inaction, omissions, coverups and the persistent use of failed programs as a pretense to engage in

meaningful training, supervision and monitoring only encourage their officer to believe that improper force against inmates is permissible, acceptable, tolerated and will go unpunished.

74. DEFENDANTS' failure to take appropriate action and their purposeful affirmative action in opening the door, created the actual, particularized dangers which caused injury to the Plaintiff that was foreseeable and in fact resulted in physical and emotional harm to the Plaintiff;

75. The common practice of placing inmates needlessly in detrimental situations caused the Plaintiff to be attacked and thereby caused his emotional and physical injuries and the Defendants are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

76. Plaintiff further claim all of Plaintiff's attorney's fees and costs incurred and to be incurred in Plaintiff's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

77. The action of the Defendants are/were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

WHEREFORE, the PLAINTIFF demands judgment against each and every defendant individually and joints as DEFENDANTS and prays for relief as follows:

1.) Compensatory damages in an amount according to proof, which is fair, just and reasonable;

2.) Punitive and exemplary damages under federal and California law, in an amount according to proof and in an amount which is fair, just, and reasonable against each individual Defendant as authorized by law.

3.) All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C 1983 and 1988; California Code of Civil Procedure 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code 52 et seq., 52.1; and as otherwise may be allowed by California and/or Federal law; and

4.) For such other and further relief as the Court deems just and proper.

Dated: November 2, 2022

_____
Steven Parnell Weaver

## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a jury trial on each and every count.

Dated: November 2, 2022



Steven Parnell Weaver

17